**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

| | |
|---|---|
| **KARI ANN PRATT, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**SHELLPOINT MORTGAGE SERVICING, et al.,**<br><br>**Defendants.** | **CIVIL ACTION NO.: 1:25-CV-62**<br>**(JUDGE KLEEH)** |

**ORDER GRANTING SHELLPOINT'S MOTION
[ECF NO. 120] FOR PLAINTIFFS TO SHOW CAUSE**

This matter is before the undersigned United States Magistrate Judge pursuant to a Referral Order [ECF No. 4] entered by Hon. Thomas S. Kleeh, Chief United States District Judge, on July 8, 2025. By the Referral Order, Chief Judge Kleeh directed the undersigned to enter orders or reports and recommendations regarding any motions filed, and to address other matters which may arise.

Pending before the Court is a motion [ECF No. 120] filed by Defendant Shellpoint Mortgage Servicing ("Shellpoint") on April 14, 2026 for an order for *pro se* Plaintiffs to show cause for failure to adhere a prior Order [ECF No. 88] for them to engage in discovery. For the reasons set forth herein, Shellpoint's motion [ECF No. 120] is hereby **GRANTED**.

**I. PROCEDURAL BACKGROUND**

By Order [ECF No. 88] entered on March 3, 2026, the Court granted two motions to compel discovery by which Shellpoint sought certain written materials from Plaintiffs. On March 2, 2026, the Court convened a Status Conference concerning the motions. During the Status Conference,

the Court warned Plaintiffs about the consequences for failing to cooperate with discovery. Plaintiffs stated that they would provide the written discovery that Shellpoint sought. Plaintiffs also stated that they understood that they must sit for depositions by Shellpoint's counsel. The Court ordered that Plaintiffs must provide the discovery responses sought by March 10, 2026 and that they would sit for depositions on March 17, 2026. The Court further ordered that if Plaintiffs did not provide the materials prior to their depositions, then the depositions nonetheless would proceed concerning the limited responsive information Plaintiffs had provided, and Shellpoint would have the opportunity to conduct further depositions of Plaintiffs if necessary.

By Shellpoint's currently-pending motion [ECF No. 120], it represents that Plaintiffs have not supplemented their discovery responses as ordered. It states that during Plaintiff Kari Ann Pratt's deposition on March 17, 2026, Ms. Pratt stated that she possessed responsive documents and would produce them if Shellpoint provided a list of documents sought. Shellpoint states that it provided such a list on March 18, 2026, but that Plaintiffs still not have supplemented their responses. Thus, Shellpoint filed a motion [ECF No. 120] on April 14, 2026 for the Court to enter an order for Plaintiffs to show cause why they should not be sanctioned for failure to participate in discovery.

By Order [ECF No. 121] entered on April 15, 2026, the Court scheduled a Motion Hearing on Shellpoint's motion [ECF No. 120] for April 28, 2026. By that Order, the proceeding was scheduled to be conducted in person. The Court convened the hearing on April 28, 2026. Shellpoint appeared by and through its counsel. None of the *pro se* Plaintiffs appeared. Based on an online review of the platform for tracking mail delivery by the United States Postal Service, it is not clear that Plaintiffs received notice of the hearing prior to the date thereof. The reason for the delay in delivery of the Order setting the hearing is inexplicable.

Discovery closed in this matter on April 17, 2026. Nonetheless, Plaintiffs still must account for the failure to supplement their discovery responses. With the absence of the *pro se* Plaintiffs at the hearing of April 28, 2026, the Court could not receive substantive arguments from the parties concerning Shellpoint's motion. Thus, the Court adjourned the hearing. However, based upon a review of the written record herein, the Court can dispense with the pending motion [ECF No. 120] without need for further argument.

## II. FINDINGS AND CONCLUSIONS

There is no reason to dispute the assertions in Shellpoint's motion [ECF No. 120], filed by officers of the Court who are duty-bound make only truthful and accurate representations. All indications are that Plaintiffs: knew that they must supplement their discovery responses; failed to do so by the Court's deadline of March 10, 2026; acknowledged at a subsequent deposition that they possessed such documentation and would provide it [ECF No. 120-10], if Shellpoint listed what it sought; were provided such a list by Shellpoint the next day; and had not provided it by the time Shellpoint filed its motion.

Accordingly, it is hereby **ORDERED** that Shellpoint's motion for an order for Plaintiffs to show cause for their failure to supplement discovery is **GRANTED**. It is **ORDERED** that, by **May 18, 2026**, Plaintiffs shall make appropriate filing to show cause, if any they can, why they should not be sanctioned under the Federal Rules of Civil Procedure for failure to participate in discovery as previously ordered. As noted in the Court's prior Order [ECF No. 88], Plaintiffs have been cautioned that Rule 37 of the Federal Rules of Civil Procedure provides for sanctions for failure to cooperate in discovery, up to and including dismissal of the action.

It is further **ORDERED** that Plaintiffs shall supplement the discovery at issue by **May 18, 2026**.

It is also **ORDERED** that Shellpoint may make further appropriate motion for imposition of sanctions should Plaintiffs fail to supplement discovery as ordered or fail to show cause for the refusal to do so. Moreover, should this discovery issue continue to be unresolved, the Court would entertain appropriate motion concerning relief from the scheduling of remaining dates and deadlines in this matter.

It is all so **ORDERED**.

The Clerk of the Court is **DIRECTED** to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: May 4, 2026.**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE